# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:00-CR-00005-KDB-3

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| TROY LEE ABSHER, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Troy Lee Absher's *pro se* motion for compassionate release and reduction in sentence, home confinement and a request for appointment of counsel based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, and the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020. (Doc. No. 198). Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny the motion without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

## I. BACKGROUND

In 2000, Defendant pled guilty to one count of conspiracy to possess with intent to distribute quantities of cocaine and cocaine base (at least 5 kilograms of a mixture and substance containing a detectable amount of cocaine and at least 50 grams of a mixture and substance containing a detectable amount of cocaine base). (Doc. No. 71). He was sentenced to 204 months plus five years of supervised release. (Doc. No. 118). While serving his supervised release term, he committed four new law violations. (Doc. No. 188, at 1-2). On December 12, 2019, the Court

revoked Defendant's supervised release and sentenced him to 24 months of imprisonment with 12 months of supervised release to follow. (Doc. No. 195).

Defendant is a 58-year-old male confined at FCI Allenwood Medium, a medium-security federal corrections institution in Pennsylvania, with a projected release date of June 25, 2021. Defendant seeks a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). He claims he suffers from high blood pressure and multilevel degenerative disc disease. According to the BOP medical records dated January 22, 2020 that Defendant provided with his motion, he has high blood pressure, multilevel degenerative disc disease and a torn left rotator cuff. (Doc. No. 199, at 7, 9, 14). It appears this was a routine clinic visit and Defendant was prescribed medication for his high blood pressure and shoulder pain. *Id.* at 14.

## II. COMPASSIONATE RELEASE

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional). The majority view is that the exhaustion requirement is a case processing rule. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). These exceptions include "where it would be futile, either because the agency decisionmakers are biased or because the agency has already determined the issue, . . . where the administrative process would be incapable of granting adequate relief, . . . [or] where pursuing agency review would subject plaintiffs to undue prejudice." *Zukerman*, 2020 WL 1659880, at *3 (citing *Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019). It is Defendant's burden to show that he has exhausted his remedies or that exhaustion would be futile or result in undue prejudice. *See, e.g.*, *United States v. Bolino*, No. 06-cr-0806(BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (requiring defendant to prove that the exhaustion requirement has been met).

Here, Defendant has not exhausted his remedies as required under 18 U.S.C. § 3852(c)(1)(A). While he attaches a denial of his request for compassionate release from the warden dated May 11, 2020, he has not exhausted all administrative appeals of the warden's adverse decision that are available to him.

According to the BOP's website, FCI Allenwood Medium currently has zero inmates and 3 staff with confirmed active cases of COVID-19. There are approximately 1,200 inmates at FCI Allenwood Medium. There have been no inmate or staff deaths, while no inmate has recovered and 1 staff has recovered. Given this information, the Court finds that Defendant has not met his burden of showing that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) should be excused. With no current case amongst the inmate population at FCI Allenwood Medium, requiring Defendant to exhaust his administrative remedies within the BOP before petitioning this

Court would not result in any "catastrophic health consequences" or unduly prejudice Defendant. *See United States v. Fraction*, No. 3:14-CR-305, 2020 WL 3432670, at *7 (M.D. Pa. June 23, 2020) (finding the defendant did "not demonstrate any 'catastrophic health consequences' to make exhaustion futile or show that he could be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP"). Generalized concerns regarding the possible spread of COVID-19 to the inmate population at FCI Allenwood Medium are not enough for this Court to excuse the exhaustion requirement, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread at FCI Allenwood Medium. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

The Court does not intend to diminish Defendant's concerns about the pandemic. However, given the scale of the COVID-19 pandemic and the complexity of the situation in federal institutions, it is even more important that Defendant first attempt to use the BOP's administrative remedies. *See United States v. Annis,* 2020 WL 1812421, at *2 (D. Minn. Apr. 9, 2020). Not only is exhaustion of administrative remedies required under the law, but it also "makes good policy sense." *United States v. Fevold,* 2020 WL 1703846, at *1 (E.D. Wis. Apr. 8, 2020). "The warden and those in charge of inmate health and safety are in a far better position than the sentencing court to know the risks inmates in their custody are facing and the facility's ability to mitigate those risks and provide for the care and safety of the inmates." Id. As the Third Circuit has recognized, "[g]iven BOP's shared desire for a safe and healthy prison environment . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *Raia,* 954 F.3d at 597.

For these reasons, the Court will deny Defendant's Motion without prejudice to a renewed motion once he has appropriately exhausted his administrative remedies.

### III. CARES ACT

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle,* 740 F. App'x 364, 365 (4th Cir. 2018) (district court lacks authority to govern designation of prisoners under § 3624(c)(2)).

### IV. APPOINTMENT OF COUNSEL

The Defendant again asks the Court to appoint him counsel to assist him with his request for a compassionate release. However, "a criminal defendant has no right to counsel beyond his first appeal." *United States v. Legree,* 205 F.3d 724, 730 (4th Cir. 2000) (quoting *Coleman v. Thompson,* 501 U.S. 722, 756 (1991). "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings," the Defendant has not presented a showing of such exceptional circumstances in this case. *Legree,* 205 F.3d at 730 (internal citation omitted). The Court finds that the interests of justice do not require appointment of counsel to assist the Defendant at this time.

## V. ORDER

**IT IS THEREFORE ORDERED** that Defendant's motion for compassionate release and reduction in sentence, home confinement and a request for appointment of counsel (Doc. No. 198), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: September 9, 2020

Kenneth D. Bell
United States District Judge